**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1. RICHARD REIBERT, | ) |
| 2. NORMA LOSORNIO, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CaseNo.:17-cv-350-CVE-JFJ |
| | ) |
| 1.  CSAA FIRE & CASUALTY INSURANCE | ) |
| COMPANY, a foreign for profit Insurance | ) |
| Corporation, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFFS' MOTION FOR AWARD OF ATTORNEY FEES AND INTEREST AGAINST DEFENDANT AND BRIEF IN SUPPORT

On December 20th, 2017, Defendant served Plaintiffs with an Offer of Judgment in the above styled matter in the amount of One Hundred Thousand and 01/100 Dollars ($100,000.01), exclusive of any and all interest accrued to date, and **exclusive of attorney fees and costs** incurred. Plaintiffs accepted Defendant's Offer of Judgment and judgment was entered against Defendant.

As prevailing parties, Plaintiffs now move the Court for an award of attorney fees and interest pursuant to 36 Okla. Stat. Ann. § 3629(B). In support of this proposition, Plaintiffs submit the following brief:

1

**I: PLAINTIFFS ARE ENTITLED TO AN AWARD OF ATTORNEY FEES UNDER 36 Okla. Stat. Ann. § 3629(B)**

The Plaintiffs are prevailing parties in this case by virtue of having accepted Defendant's Offer of Judgment. Judgment has been entered in favor of Plaintiffs in the amount of One Hundred Thousand and 01/100 Dollars ($100,000.01), exclusive of attorney fees and costs. Pursuant to 36 Okla. Stat. Ann. § 3629(B), attorney fees are recoverable by a prevailing party insured whose claim was wrongfully denied. The statute, in pertinent part, provides as follows:

> B. It shall be the duty of the insurer, receiving a proof of loss, to submit a written offer of settlement or rejection of the claim to the insured within ninety (90) days of receipt of that proof of loss. **Upon a judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party.** For purposes of this section, the prevailing party is the insurer in those cases where judgment does not exceed written offer of settlement. In all other judgments the insured shall be the prevailing party. **If the insured is the prevailing party, the court in rendering judgment shall add interest on the verdict at the rate of fifteen percent (15%) per year from the date the loss was payable pursuant to the provisions of the contract to the date of the verdict.** This provision shall not apply to uninsured motorist coverage.

36 Okla. Stat. Ann. § 3629(B) (emphasis added)

As such, upon notice of a loss, an insurer has 90 days to reject or make an offer to settle the claim. If a subsequent judgment in favor of the insured exceeds the insurers settlement offer (or rejection), then the insured is the prevailing party within the meaning of § 3629(B) and is entitled to recover attorney fees and interest. See Stauth

2

v. National Union Fire Ins. Co. of Pittsburgh, C.A.10 (Okla.) 2001, 236 F.3d 1260. (Under Oklahoma law as predicted by the Tenth Circuit Court of Appeals, award of fees under statute providing for award of attorney fees to prevailing insured in litigation against insurer is mandatory upon compliance with the statute); Morton v. Progressive Northern Ins Co., No. 11-6082, 2012 WL 4801110 (10th Cir. Oct. 10, 2012); Taylor v. State Farm Fire & Cas. Co., 981 P.2d 1253, 1256 (Okla. 1999); Regional Air, Inc. v. Canal Ins. Co., 639 F.3d 1229, 1235-36 (10th Cir. 2011).

Here, Plaintiff submitted a homeowners claim for storm damage to their roof to AAA on May 25, 2016. (See Acknowledgment Letter from AAA, Exhibit 1; CSAA_REIBERT 0003). On June 14, 2016, AAA denied Plaintiffs' claim by letter stating that "We have completed our investigation….the damages the independent adjuster found were less than your $1,500 deductible. Therefore, this claim will be closed without any payment to you." (See Denial Letter from AAA, Exhibit 2; CSAA_REIBERT 0020). The Plaintiffs filed this lawsuit in order to obtain the benefit of their insurance policy, as well as for bad faith. Plaintiffs obtained a judgment in the amount of $100,000.01. (See Document No. 46 Filed with this Court). As such, Plaintiffs are prevailing parties under § 3629(B) and are entitled to recover attorney fees and interest on the judgment.

## II: THE ABSENCE OF A FORMAL "PROOF OF LOSS" DOES NOT ABROGATE PLAINTIFFS RIGHT TO RECOVER ATTORNEY FEES.

It is anticipated that Defendant will argue that Plaintiffs are not entitled to recover attorney fees under § 3629(B) because a formal "proof of loss" form was never submitted. This argument has been expressly rejected by the United States Court of Appeals for the Tenth Circuit. In <u>Stauth v. National Union Fire Ins. Co. of Pittsburgh</u>, a prevailing party insured had been denied an attorney fee award in the Western District of Oklahoma on the ground that the insured had not submitted a "proof of loss" to its insurer. The insured appealed and the 10th Circuit reversed and remanded, holding:

> "[I]f Section 3629(B) does require a "proof of loss" as a price for bringing into play the other portions of that statute awarding attorneys' fees and costs to the "prevailing party" and then defining the latter term, Federal's own 1996 Policy confirms that the assumed "proof of loss" requirement was satisfied by Fleming notifying the Insurers about the Class Actions, followed by its compelled institution of the declaratory judgment action."

> <u>Stauth v. Nat'l Union Fire Ins. Co. of Pittsburgh</u>, 236 F.3d 1260, 1266 (10th Cir. 2001)

In other words, the <u>Stauth</u> court recognized that the absence of a formal proof of loss form in an insured's notification to its insurer about the underlying claim was not fatal to award of fees under § 3629(B). Here, like <u>Stauth</u>, Plaintiffs provided all the notice of their claim that was required under the policy. Plaintiffs cooperated fully in notifying AAA of their claim and during AAA's

investigation and evaluation thereof. AAA "completed" its investigation and denied Plaintiffs' claim. AAA never asked that Plaintiffs fill out a formal proof of loss form. See also, Morton v. Progressive N. Ins. Co., 498 F. App'x 835 (10th Cir. 2012) (Insurer could recover attorney fees under Oklahoma insurance statute that awarded to prevailing party despite not sending proof of loss form to insured, since any notice of claim that insurance contract required satisfied any proof of loss requirement and insurer did not require written proof of loss form from insured and insured did not ask insurer to provide him with one.); Reg'l Air, Inc. v. Canal Ins. Co., 639 F.3d 1229, 1235–36 (10th Cir. 2011).

## III: PLAINTIFFS' ATTORNEY FEES.

Plaintiffs retained the undersigned firm on a contingency fee basis. Plaintiffs' contract with McGrew, McGrew & Associates allows for a forty percent (40%) attorney fee from any settlement, verdict, or recovery. As such, Plaintiffs have incurred attorney fees in the amount of 40% of the judgment, or $40,000.00. See Securities and Exchange Comm'n v. Comserv Corp., 908 F.2d 1407, 1413–16 (8th Cir.1990) ("fees are incurred when there is a legal obligation to pay them").

In Oklahoma, attorney fee awards are determined through a two-step analysis. "The first step is to determine the 'lodestar' by multiplying the total hours

reasonably expended times a reasonable hourly rate for each attorney." <u>Stanley v.</u>

<u>Farmkers Ins. Co., Inc.</u>, No CIV-05-622-M, 2007 WL 2155784 at *3 (W.D. Okla.

July 24, 2007) (citing <u>State *ex rel*. Burk v. City of Oklahoma City</u>, 1979 OK 115,

598 P.2d 659, 661). The second step is to determine "whether an adjustment to the

lodestar amount is warranted" based upon the following guidelines:

1. The time and labor required;
2. The novelty and difficulty of the issues;
3. The skill required to perform the legal services properly;
4. The preclusion of other employment by the attorney(s) due to the acceptance of the case;
5. The customary fee;
6. Whether the fee is fixed or contingent;
7. Time limitations imposed by the client or the circumstances;
8. The amount involved and the results obtained;
9. The experience, reputation, and ability of the attorney(s) involved;
10. The "undesirability" of the case;
11. The nature and length of the professional relationship of the client; and,
12. Awards in similar cases.

<u>Id</u>. (citing <u>Burk</u>, 598 P.2d at 661).

An analysis of each applicable Burk factor (with numerical adjustment based

upon inapplicable, omitted factors) supports total reimbursement of all attorney fees

incurred by Plaintiffs:

**1. The time and labor required:** The litigation of this case required

significant time and labor. The time and labor necessary to litigate this case

was greater than usual due to the complexity of the case, the number of

6

witnesses involved, the need for frequent out of state travel, and extensive document discovery. This case was unique in the fact that the claim was submitted to AAA several times, as well as to the Plaintiffs' previous insurer, Farmers. This resulted in exponentially more document discovery, more complexity, and the need to depose many witnesses. Eight (8) witnesses were deposed including the Plaintiffs. These depositions necessitated travel to Oklahoma City, Tulsa, Las Vegas, and Denver. The case necessitated the gathering of documents from numerous third-parties including Farmers Insurance Co., Hancock Claims, US Adjusting, Compass Adjusting, Verizon Wireless, etc. The case also presented difficult construction/roofing issues which required additional time and labor, including several day-long inspections of Plaintiffs' steep-pitched roofing system. While Plaintiffs' counsel did not bill hourly on this case, they have generated a log which itemizes work performed on this case. (See Itemized Attorney Fee, Exhibit 3). If this case was billed hourly, that billing would far exceed the contingency fee incurred by Plaintiffs.

**2. The novelty and difficulty of the issues:**

This case presented novel and difficult issues.  As mentioned above, Plaintiffs' roof is extremely steep and dangerous to access. It is extremely

7

difficult to walk and inspect the roof without specialized equipment such as a rope and harness or Goat Steep-Assist. However, AAA asserted throughout this lawsuit and underlying insurance claim that Plaintiffs' roof was improperly installed, resulting in an unsealing of the shingle adhesive strip. This is a novel issue which requires specialized knowledge in roofing, construction, and claims handling practices to litigate properly and successfully. This case was no simple residential roof case involving a mere disagreement as to damage or coverage. This was complex litigation involving numerous experts, multi-day inspections, and specialized knowledge.

**3. The skill required to perform the legal services properly:** Due to the novel and complex issues in the case, Plaintiffs had to hire lawyers skilled and experienced in this area, with knowledge of roofing, construction, claims handling, and complex litigation. Plaintiffs' counsel and the undersigned firm practices only in the area of first-party property insurance claims. Plaintiffs' counsel personally walked and thoroughly inspected Plaintiffs' roofing system several times throughout the course of this litigation, documenting shingle fastener number, placement, and depth. Plaintiffs' counsel also conducted a shingle-by-shingle survey which documented and photographed

8

granular adhesive transfer and nail placement on the shingles which AAA claimed were improperly installed. This requires specialized knowledge and skill over and above what is required to litigate a simpler claim.

**4. The customary fee:** Plaintiffs incurred a 40% contingency fee. This is standard and customary in the industry. However, in this case the value of the legal work performed exceeded the contingency fee incurred by Plaintiffs. (See Exhibit 3).

**5. The experience, reputation, and ability of the attorney(s) involved:** The undersigned firm is well known and reputed in Oklahoma as a specialist in litigation arising from first-party property insurance claims. Michael McGrew, the firm's lead lawyer, has been in practice for over 25 years. The firm's practice is primarily focused on representing homeowners, commercial property owners, and businesses in complex insurance litigation, including breach of contract and bad faith claims. Outside of litigation, we are frequently retained by insureds to represent them in a claim context where we communicate with the first party carrier, conduct joint inspections, assist in the generation of repair estimates, resolve differences in the scope of work, and work towards a resolution of the claim. Additionally, our firm frequently advises contractors, general contractors, insurance carriers, public adjusters,

9

lawyers, and property owners regarding insurance coverage issues, policy interpretation, claim handling issues, pertinent developments in insurance law, and emerging trends in claim practices.

For the reasons stated above, Plaintiffs are entitled to total reimbursement of all attorney fees incurred.

## IV: PLAINTIFFS ARE ENTITLED TO INTEREST ON THE JUDGMENT AT FIFTEEN PERCENT (15%) PER YEAR.

36 Okla. Stat. Ann. § 3629(B) provides that "the court in rendering judgment shall add interest on the verdict at the rate of fifteen percent (15%) per year from the date the loss was payable pursuant to the provisions of the contract to the date of the verdict." 36 Okla. Stat. Ann. § 3629(B); See also, Murray v. First Marine Ins. Co., C.A.10 (Okla.)2002, 29 Fed.Appx. 503, 2002 WL 22394, Unreported. (Oklahoma statute authorizing award of prejudgment interest on damage awards obtained by insureds from insurer was rationally related to state's presumed desire to encourage prompt and efficient settlement of insurance claims, and thus did not violate equal protection.)

Thus, Plaintiffs are entitled to an award of fifteen percent (15%) annual interest from the time the loss became payable until the date of the judgment. It is Plaintiffs' position that their claim became payable on June 14, 2016, the date that AAA denied Plaintiffs' claim. (See Exhibit 2). Plaintiffs accepted

10

AAA's Offer of Judgment on January 3, 2018. Thus, Plaintiffs are entitled to an award of interest from June 14, 2016 to January 3, 2018 at a rate of 15% per year, or $23,341.50.

## **CONCLUSION**

For the reasons stated above, Plaintiffs respectfully request that this Court enter an Order granting this motion and awarding Plaintiffs attorney fees and interest as follows:

a. Attorney Fee: $40,000.00

b. Interest: $23,341.50

Thus, Plaintiffs respectfully request a total attorney fee and interest award in the amount of $63,341.50 pursuant to 36 Okla. Stat. Ann. § 3629(B).

Respectfully Submitted,

*s/Matthew M. McGrew*
Michael D. McGrew, OBA # 32065
McGrew, McGrew & Associates, P.C.
400 N. Walker, Suite 115
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-9909
Fax: (405) 235-9929
E-mail Address: mcgrewslaw@yahoo.com
**Attorney for Plaintiffs**

11

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of January, 2018, I electronically transmitted the foregoing document, Plaintiffs' Motion for Attorney Fees and Interest to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants and Hand Delivered the Documents to:

Gerard F. Pignato, OBA No. 11473
Erin J. Rooney, OBA No. 31207
Pignato, Cooper, Kolker & Roberson, P.C.
Robinson Renaissance Building
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma 73102

Counsel for Defendant


                                              *s/Matthew M. McGrew*
                                              Matthew M. McGrew